# Payne's Administrator *v.* Pippey & Co.

### *Contest as to Insolvency of Decedent's Estate.*

*Liability of administrator for failure to comply with terms prescribed by order of sale.* — When an administrator sells personal property under an order of the Probate Court, which directs him to take "the notes of the purchaser with at least two sufficient sureties;" and reports to the court that he has made the sale, and that the purchaser has complied with the terms prescribed, — he is liable for any loss occurring from his failure to comply with the terms prescribed by the order, and cannot relieve himself from liability by showing that the two persons, whose notes he took, were solvent at that time, but have since become insolvent.

APPEAL from the Probate Court of Mobile.

In the matter of the estate of Alphonso L. Payne, deceased, which was reported insolvent by the appellant, who was the administrator in chief, on the 1st March, 1871; and the report contested by the appellees, who were creditors of the estate. An issue was formed between the parties, and submitted to the court without the intervention of a jury. The appellant's letters of administration were granted on the 18th October, 1865. The inventory and appraisement of the property of the estate showed its value at that time to be $7,645; a steam-tug, valued at $7,500, being the principal part of the property. On the 21st February, 1866, the administrator filed his petition, asking an order to sell the steam-tug, on the ground that it could not be divided among the distributees without a sale. An order of sale was granted as prayed for, which required that $4,000 of the purchase money should be paid in cash, and the residue be " secured by the notes of the purchaser, with at least two sufficient sureties, payable in three, six, nine, twelve, and fifteen months." The sale was made, and was reported to the court on the 5th May, 1866. The report stated that John A. Oakley had become the purchaser of the steam-tug, at the price of $7,500, and had complied with the terms of sale, and the sale was confirmed by the court. On the trial of the issue between the parties, the administrator offered in evidence his petition reporting the estate insolvent, which was on oath, and which showed that he had received assets amount-

ing to $5,600, and had expended $890; and that claims against the estate had been presented to him, amounting to $5,212.75. The appellees offered in evidence the inventory and appraisement, the administrator's petition for the order of sale, the report of the sale, and the decree confirming it, which showed the facts above stated. The administrator then introduced one A. M. Granger as a witness, "for the purpose of explaining the performance of the decree, and showing how it had been executed." This witness testified that Oakley became the purchaser of the steam-tug at the administrator's sale, at the price of $7,500, and paid $4,500 of the purchase money in cash; "and then proposed to testify that the notes of himself and his brother were taken for the residue of the purchase money, and that they were at that time good and solvent, but had since become bankrupts." The court rejected this evidence, on the motion of the contesting creditors, and the administrator excepted. The counsel for the administrator then asked leave to amend his petition, "so that a full statement of all the accounts might be presented." The court overruled this motion, and the administrator excepted. The court then, on the evidence adduced, dismissed the petition, and refused to declare the estate insolvent; and its decree in this behalf is now assigned as error, together with the rulings above stated to which exceptions were reserved.

ALEX. McKINSTRY, for the appellant.

BOYLES & OVERALL, *contra.*

BRICKELL, J. — On the facts appearing in the record, the court below properly dismissed the report made by the appellant, and refused to declare the estate insolvent. So far as the record discloses, the estate was sufficient to satisfy all demands chargeable on it. Admitting the evidence which was rejected, the appellant is liable for the balance of the purchase money of the steam-tug. The order of sale directed him to require of the purchaser notes with at least two sufficient sureties, for so much of the purchase money as was not paid in cash. When he accepted the notes of the two Grangers for such balance, he departed from the line of his duty and authority; and for all losses, resulting from such departure, he must be held answerable. *Betts* v. *Blackwell's Heirs*, 2 Stew. & P. 373. Independent of this consideration, he had reported to the court that the terms of the sale, as prescribed by the order of sale, had been complied with, and thus induced a confirmation of the sale; and he cannot be heard afterwards to contradict such report.

If the motion to amend the petition had been granted, it would not have availed to relieve the appellant from the liability he had incurred for the purchase money of the steam-tug. With that liability resting on him, the undisputed facts show the solvency of the estate. Of consequence, if the refusal of the court to allow the amendment was erroneous — which we by no means decide — it worked no injury to the appellant.

The judgment of the court below is affirmed, at the costs of the appellant.